UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ACE BLACK RANCHES, LLP,<br><br>Defendants. | Case No. 1:24-cv-00113-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Ace Black Ranches' Motion to Dismiss (Dkt. 7). The United States of America (the "Government") has responded in opposition to the Motion (Dkt. 11) and filed a Notice of Supplemental Authority (Dkt. 12). Ace Black Ranches replied (Dkt. 13) and the matter is ripe for review. The Government recently filed another Notice of Supplemental Authority. Dkt. 14.

Having reviewed this record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court will GRANT Ace Black Ranches' Motion to Dismiss. However, consistent with its usual practice—and Ninth Circuit caselaw—the

Court will grant the Government leave to amend to correct the Complaint's defects.

## II. BACKGROUND

This dispute revolves around alleged pollution of the Bruneau River (the "River") by Ace Black Ranches, in violation of the Clean Water Act. Ace Black Ranches operates a roughly 800-acre ranch in the Bruneau Valley (the "Ranch") in Owyhee County, Idaho. Historically, the Ranch has been privately used for agriculture and cattle grazing. The River and its wetlands pass through the Ranch, providing an important habitat for native wildlife.

On May 17, 2021, Ace Black Ranches brought a pre-enforcement action seeking injunctive and declaratory relief after the Environmental Protection Agency ("EPA") and the U.S. Army Corps of Engineers ("Corps") began investigating potential violations of the Clean Water Act, 33 U.S.C. § 1319 (the "Act") on the Ranch. Case No. 1:21-cv-00214-BLW, Dkt. 1.[1] Initially, Ace Black Ranches consented to a visit by the EPA and Corps investigators, to occur on May 18, 2021. However, the evening prior to the visit, Ace Black Ranches withdrew its consent and filed a complaint and motion for a preliminary injunction. That case was eventually dismissed in its entirety by Senior District Judge B. Lynn Winmill on February 2, 2022. CV-214, Dkt. 73.

Via other means, the EPA sought and obtained an administrative warrant in May 2021 and inspected the Ranch from June 14 through June 16, 2021, and later from April 24 through April 28, 2023.

After concluding its inspection of the Ranch, the Government commenced this civil

---

[1] In this decision, unless specified by "CV-214" (referring to the related civil case, 1:21-cv-00214-BLW), all citations are to the instant suit.

MEMORANDUM DECISION AND ORDER - 2

action against Ace Black Ranches on February 27, 2024, alleging that Ace Black Ranches discharged pollutants into waters of the United States, in violation of Sections 309(b) and (d) of the Act. Dkt. 1.

In their Complaint, the Government alleges that Ace Black Ranches "constructed multiple road crossings in the Bruneau River and wetlands" impeding the flow of water and polluting the river. *Id*. at 3. Additionally, the Government contends that, in mining sand and gravel from the River, Ace Black Ranches "disturb[ed] the riverbed" resulting in further pollution to the river, and that while constructing a center pivot irrigation system, Ace Black Ranches cleared and leveled "nearly all of the Ranch's wetlands." *Id*. Investigators with the EPA and the Corps visiting the Ranch purportedly observed the alleged sand and gravel mining, as well as "evidence of mechanical scraping, pushing, or pulling of earth in and next to the . . . River and adjacent wetlands." *Id*. at 11. The Complaint alleges that these mining operations began in 2017 and continued through at least 2021.

The Government seeks relief in the form of a permanent injunction against Ace Black Ranches from "discharging or causing discharge of pollutants . . . into waters of the United States" as well as requiring Ace Black Ranches to "restore the impacted portions of the Bruneau River and mitigate the impact caused" by Ace Black Ranches' actions and "[a]ny other relief the Court deems just and proper." *Id*. at 19.

In response, Ace Black Ranches moved for dismissal of the Government's Complaint, arguing that it "fails to state a claim upon which relief can be granted" because the Government did not plausibly allege each required element to claim a violation of the Act. Dkt. 7-1, at 1. Specifically, Ace Black Ranches contends that the Government fails to

plausibly allege that the wetlands where pollutants were allegedly discharged "have a continuous surface connection with the Bruneau River," failing to satisfy the standard set forth in the Supreme Court's recent decision. *Id*. at 3. *See Sackett v. EPA*, 598 U.S. 651 (2023). Accordingly, the Court will undertake to analyze the efficiency of the Government's Complaint.

### III. LEGAL STANDARD

#### A. Rule 12(b)(6)

To successfully state a plausible claim, a party must provide "a short and plain statement . . . showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). At the pleading stage, a complaint does not need to include "detailed factual allegations", but it must contain more than "an unadorned . . . accusation" of harm committed by the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 8(a)(2), the "threshold requirement" is that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2009).

Under Rule 12(b)(6), a party may seek dismissal of a claim if it believes the claim fails to meet this standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Formulaic recitations of elements are not sufficient to support a claim for relief. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 679.

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it

MEMORANDUM DECISION AND ORDER - 4

is beyond doubt that the complaint could not be saved by an amendment. *See, e.g., Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

### B. The Clean Water Act

Congress enacted the Clean Water Act in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Act in part "regulates the discharge of dredged or fill material into navigable waters." *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159, 162 (2001). In the context of the Act, the term "navigable waters" is defined as "waters of the United States[.]" 33 U.S.C. § 1362(7). The Act prohibits "the discharge of any pollutant by any person" into waters of the United States without a permit. 33 U.S.C. § 1311(a).

To successfully claim a violation of the Act, satisfying the pleading standard in Rule 8(a)(2), the Government must plausibly allege that: (1) a person; (2) discharged pollutants; (3) from point sources; (4) to waters of the United States; (5) without a permit.

To determine if adjacent wetlands qualify as waters of the United States, courts apply the adjacency test, which requires that the wetland be adjacent to and "indistinguishably part of a body of water that itself constitutes 'waters' under the [Clean Water Act]." *Sackett*, 598 U.S. at 676.

Accordingly, a party seeking to allege a violation of the Act in a wetland must plausibly show that the wetland was: (1) adjacent to waters of the United States; and (2) that the wetland "shares a continuous surface connection with that water, making it difficult to determine where the water ends and the wetland begins." *Rapanos v. United States*, 547

MEMORANDUM DECISION AND ORDER - 5

U.S. 715, 742 (2006).

## IV. ANALYSIS

Here, Ace Black Ranches does not dispute that the River is a traditional, navigable water, and is, therefore, considered "waters of the United States" for purposes of the Act. Rather, at issue is whether the Government successfully alleges that Ace Black Ranches discharged pollutants into wetlands that are indistinguishable from, and have a continuous connection with, the River, satisfying the adjacency test. Ace Black Ranches contends it has not.

In response, the Government argues that although *Sackett* "clarified the test for adjacent wetlands that are waters of the United States" subject to the Act, it "did not change the pleading standard," arguing that the Government has met its burden in alleging sufficient facts to support a violation of the Act. Dkt. 11, at 4. To determine if the Government has met their burden at the pleading stage, the Court now turns to the Government's Complaint.

In relevant part, the Government's Complaint alleges on numerous occasions that Ace Black Ranches discharged pollutants into the River and "adjacent wetlands." From the Courts own estimations, the term "adjacent wetlands" is used at least twenty-nine times in the Complaint. Although the Government certainly asserts that these wetlands fall under the scope of the Act, nowhere does the Government specify that these wetlands have a continuous surface connection with the River to be considered indistinguishable from the River, satisfying the adjacency test. Although the Court must accept the Government's Complaint as true at this stage, "unwarranted inferences will not defeat an otherwise proper

MEMORANDUM DECISION AND ORDER - 6

12(b)(6) motion to dismiss." *Yates v. Washington Federation of State Employees*, 466 F.Supp.3d 1197, 1202 (W.D. Wash. 2020).

Simply put, the Court agrees with Ace Black Ranches. The Government's pleadings are not sufficiently clear, and the reader must infer that "adjacent wetlands" are at issue here and, accordingly, fall under the scope of the Act without further information or justification. Lingering questions abound. Which wetlands are at issue? Do those wetlands currently maintain a surface connection with the River? Did they at some point maintain a surface connection to the River? How are the wetlands indistinguishable from the River? Similar questions arise regarding Ace Black Ranches' mining operation.

The Government asserts that during discovery it will be able to flesh these issues out, gather additional evidence, and clear up any confusion. But as the Court has noted before, "this approach is incorrect and puts the discovery cart before the pleading horse." *Dana v. Tewalt*, 2022 WL 3598311, at *6 n.9 (D. Idaho Aug. 23, 2022), aff'd in part, rev'd in part and remanded sub nom. *Dana v. Idaho Dep't of Corr*., 2024 WL 2862581 (9th Cir. June 6, 2024). A plaintiff must first put forth sufficient allegations at the pleading stage to entitle them to discovery.

Until the Government has provided more detailed allegations and information, the Complaint fails to state a claim upon which relief can be granted and the Court must dismiss However, it appears these deficiencies could be cured. Ace Black Ranches itself recognizes that, per Ninth Circuit caselaw, the Court will likely give the Government an opportunity to amend. And it welcomes the same. *See* Dkt. 13, at 10 (outlining that if the Government can explain its allegations with more concrete facts, then Ace Black Ranches (and the

Court) will be better suited to evaluate the claims themselves. Thus, while the Court GRANTS Ace Black Ranches' Motion to Dismiss, it does so with leave to Amend. The Government may file an Amended Complaint within 30 days of the date of this order remedying the deficiencies outlined above.[2]

## V. ORDER

**IT IS HEREBY ORDERED:**

1. Ace Black Ranches' Motion to Dismiss (Dkt. 7) is **GRANTED**.

2. The Government's Complaint (Dkt. 1) is **DISMISSED** without prejudice.

   a. The Government shall be granted leave to amend. Any Amended Complaint must be filed with thirty (30) days of the date of this order.

DATED: August 29, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

[2] The Court appreciates the Government's Notice of Supplemental Authority. Dkt. 12. However, the issues and analysis in that case do not change the underlying problem in this case. The Government still needs to connect any wetlands it believes Ace Black Ranches' has polluted with the River via a sufficient surface-water connection. The Government's second Notice (Dkt. 14) is also appreciated; the outcome in that case is similar to the Court's ruling today.